<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

—————————————————————
                                                    :
OSCAR GARIBALDY MENDEZ NUNEZ, :
                                                    :
                    Petitioner,        :
                                                    :          Civil No. 12-6126 (JAP)
        v.                                       :
                                                    :
DEPT. OF HOMELAND SEC., et al.,  :                    **OPINION**
                                                    :
                    Respondents.     :
—————————————————————:

**APPEARANCES**:

        OSCAR GARIBALDY MENDEZ NUNEZ, A 037-645-781
        Elizabeth Detention Center
        625 Evans Street
        Elizabeth, New Jersey 07201
        Petitioner <u>Pro Se</u>

**PISANO**, District Judge:

        On September 26, 2012, Oscar Garibaldy Mendez Nunez, a native of the Dominican Republic,

filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention at

Elizabeth Detention Center in the custody of the Department of Homeland Security ("DHS") on the

grounds that it is not statutorily authorized and violates due process guaranteed by the Fifth

Amendment.[1] This Court will summarily dismiss the Petition because Petitioner has not alleged facts

showing that his detention violates the Constitution or laws or treaties of the United States. *See* 28

U.S.C. § 2241(c)(3).

——————————————

        [1] Petitioner did not pay the $5 filing fee or apply to proceed *in forma pauperis*. This Court
will therefore order him to pay the filing fee or submit an application to proceed *in forma pauperis*
within 30 days. *See* 28 U.S.C. § 2254 Rule 3(b) 2004 advisory committee's note.

## I.  BACKGROUND

Petitioner is a native and citizen of the Dominican Republic.  He entered the United States as a lawful permanent resident on February 25, 1983.  He alleges that he was convicted in the Criminal Court of New York of possession of a controlled substance (on an unspecified date) and sentenced to 72 hours in jail.  He asserts that he served this sentence and was transferred to the custody of DHS (on an unspecified date).  He alleges that on August 1, 2012, the Immigration Judge ordered him removed to the Dominican Republic.  Petitioner asserts "that his continued detention is not constitutional pending the outcome of his appeal from the Board of Immigration Appeal (B.I.A.).  Petitioner claims that § 236 of the INA is inapplicable to him because the time that he was giv[en] was only (72) hours for this charge." (Dkt. 1 at 3.)  With the exception of the final paragraph, the remainder of the Petition cites various cases concerning 8 U.S.C. §§ 1226 and 1231.  The Petition concludes:

> Petitioner respectfully urges this Court to order DHS to conduct an individualized bond hearing to determine Petitioner's a flight risk and a danger to the community, until such time that [] Petitioner's appeal the Immigration Judge decision from (August, 1st 2012) when petitioner was order[ed] remov[ed] from the [] United State[s].  Petitioner's detention thus far has been unreasonabl[y] prolonged and unconstitutional due to his crime do[e]s not carry prolonged detention petitioner only received (72) hours for his crime petitioner asking the Court to grant this Habeas and have petitioner release[d] from detention.

(Dkt. 1 at 5.)

## II.  DISCUSSION

### A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution

2

or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he contends that his detention is not statutorily authorized and violates due process. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

**B.  Standard of Review**

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. *See* 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

**C.  Statutory Regime**

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."); *Demore v. Kim*, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").  Section 1226 governs the pre-removal-period detention of an alien.  Section 1226(a) authorizes the Attorney General to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a).  Section 1226(a)  authorizes the Attorney General to release an alien on bond, pending a decision as to whether that alien is to be removed, "except as provided in subsection (c)." *Id.*  The exception in § 1226(c) commands that the Attorney General "shall take into custody any alien [convicted of certain crimes] when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  8 U.S.C. § 1226(c)(1).  An alien detained under § 1226(c) must be detained until his removal is administratively final, regardless of whether he is a flight risk or danger to the community, unless the Attorney General determines that the alien should be part of the federal witness protection program, provided detention has not become unreasonably prolonged. *See Diop v. ICE/Homeland Sec.*, 656 F. 3d 221, 232 (3d Cir. 2011) ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether

continued detention is consistent with the law's purposes of preventing flight and dangers to the community").

Once an alien's order of removal is administratively final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period'"). This 90-day removal period begins

> on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the DHS to thereafter release or continue to detain the alien. *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)"). *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**D.  Legality of Petitioner's Detention**

The Petition indicates that Mendez Nunez appealed the order of removal to the BIA, and the BIA has not yet decided his appeal. In that case, his order of removal is not administratively final, his

5

removal period has not yet begun, *see* 8 U.S.C. § 1231(a)(1)(A)(i), and his pre-removal period detention is governed by 8 U.S.C. § 1226.  Mendez Nunez appears to challenge his mandatory pre-removal period detention under 8 U.S.C. § 1226(c) on the following grounds:  (1) although DHS took him into custody when he was released from his 72-hour sentence, Petitioner contends that he is not subject to mandatory detention under § 1226(c) and he is entitled to a bond hearing pursuant to § 1226(a) "because the time that he was giv[en] was only (72) hours for his charge" (Dkt. 1 at 3), and (2) his pre-removal period detention has been unreasonably prolonged within the Third Circuit's holding in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), and *Leslie v. Attorney General*, 678 F.3d 265 (3d Cir. 2012).  This Court will consider each argument.

**(1) Is Petitioner's Detention Governed by § 1226(a)?**

Mendez Nunez argues that, although he was transferred from the custody of New York to the DHS when he was released from service of his 72-hour sentence,[2] he is not subject to mandatory detention under § 1226(c) (and he is entitled to a bond hearing pursuant to § 1226(a)) "because the time that he was giv[en] was only (72) hours for his charge." (Dkt. 1 at 3.)

This Court held in *Sylvain v. Holder*, 2011 WL 2580506 (D.N.J. June 28, 2011), that Sylvain was not subject to mandatory detention under 8 U.S.C. § 1226(c) because DHS did not take him into custody when he was released from criminal incarceration in 2007, but delayed taking him into custody until April 12, 2011, and that his detention was governed by 8 U.S.C. § 1226(a).  This Court

---

[2] *See* Dkt. 1 at 2 ("Petitioner was convicted in the Criminal Court of New York for the charge of possession of a controlled substance, to wit; cocaine.  The time was giv[en] to petitioner was (72) hours incarceration for which he served the entire sentence.  He was then transferred to (INS) for removal").

granted the Petition for Writ of Habeas Corpus and directed the Immigration Judge to conduct a bond hearing pursuant to § 1226(a).[3]

According to the facts set forth in the Petition, Petitioner's detention is not governed by § 1226(a) under the holding of *Sylvain* because Mendez Nunez states in the Petition that he was transferred to DHS custody when he was released from his 72-hour criminal sentence.  Because Mendez Nunez asserts that DHS took him into custody when he was released from criminal incarceration, the Petition, as written, does not assert facts showing that Petitioner's detention is governed by 8 U.S.C. § 1226(a), rather than § 1226(c).[4]

### (2) Is Petitioner's Pre-Removal Period Detention Unreasonably Prolonged?

In *Diop*, the Third Circuit held that 8 U.S.C. "§ 1226(c) contains an implicit limitation of reasonableness:  the statute authorizes only mandatory detention that is reasonable in length . . . . Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof."  *Diop*, 656 F.3d at 235.  The Third Circuit held that Diop's mandatory pre-removal period detention of thirty-five months was unreasonable in length.  *Id.* at 233.  In *Leslie v. Attorney General of the United States*, 678 F.3d 265 (3d Cir. 2012), the Third Circuit applied *Diop* and held that Leslie's detention under § 1226(c) was unreasonable in length where Leslie had been mandatorily detained nearly four full years (March 28, 2008, through March 19, 2012).  The *Leslie* Court reversed the District Court's order

---

[3] The government's appeal from this Court's order granting a writ to Sylvain and directing an Immigration Judge to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) is pending before the Third Circuit.  *See Sylvain v. Holder*, C.A. No. 11-3357 (3d Cir. docketed Aug. 31, 2011).

[4] If this Court misconstrued Petitioner's allegations, then he is free to file a motion for reconsideration and to set forth specific facts regarding the date New York released him from his 72-hour criminal sentence and the date DHS took him into custody, if the dates are different.

denying Leslie's petition for a writ of habeas corpus and remanded to the District Court with instructions to conduct an individualized bond hearing, as required by *Diop*.  *Id.* at 271.

In this Petition, Mendez Nunez does not assert facts showing that his mandatory pre-removal period detention under § 1226(c) was unreasonable in length within the holdings of *Diop* and *Leslie* because Mendez Nunez does not state the date on which DHS took him into custody pursuant to § 1226(c).  Because Mendez Nunez does not specify the date on which DHS took him into custody, he has not asserted facts showing that he has been detained under § 1226(c) for an unreasonably prolonged period of time under *Diop* and *Leslie*.

To summarize, Petitioner does not assert facts showing that his detention violates the Constitution, laws or treaties of the United States.  Accordingly, he is not entitled to a writ under 28 U.S.C. § 2241(c)(3), and this Court will summarily dismiss the Petition.  This Court emphasizes, however, that the dismissal is without prejudice to Petitioner's filing a new § 2241 petition (in a new docket) asserting facts showing that his mandatory detention is not statutorily authorized or violates due process.

## III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Court

DATED: October 9, 2012